IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| SHAWN CARSON, Individually and On Behalf of the Estate of Doris Carson, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 2:15cv348 |
| AMERICAN QUALITY SCHOOLS CORPORATION THEA BOWMAN LEADERSHIP ACADEMY, and UNITED OF OMAHA LIFE INSURANCE COMPANY | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Currently pending before the me is Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and its Motion to Strike Plaintiff's Jury Demand (DE 3). Plaintiff Shawn Carson's response is long past overdue. I previously ordered Carson to respond (DE 5), and I warned him that if I did not receive a response by that time, I would rule summarily on the motion, but then still heard nothing. Thereafter, there was some confusion as to whether one of the defendants had been served. That was eventually sorted out and that defendant answered — and did not join in the pending motion. So now that all of our ducks are in a row, I will rule summarily on the motion, with the hopes of getting this case back on track.

**Background**

Defendant United of Omaha Life Insurance Company ("Omaha") requests that I dismiss Carson's complaint as preempted by ERISA. In essence, Carson claims that

1

Omaha improperly denied his claim for his wife's life insurance benefits after her death. He originally filed this case in state court where he alleged one count of breach of contract and one count of negligence against Omaha for improperly processing his claim, and one count of breach of contract and one count of negligence against Defendant American Quality Schools Corporation — his deceased wife's employer — for failing to properly submit his wife's required forms. (As indicated above, American Quality Schools has not joined this motion.) Omaha then removed the case to federal court on the basis of both diversity jurisdiction and federal question jurisdiction. In essence, Omaha asserts that ERISA governs these claims because they "relate to or arise out of an employee welfare benefit plan." (DE 1 at 2.) Omaha then moved to dismiss the complaint on the basis that the claims are preempted by ERISA. (DE 3.)

Omaha is correct that Carson's claims are wholly preempted by ERISA. The Employee Retirement Income Security Act of 1974 is a federal statute that regulates, in relevant part, employee benefits plans. It includes a broad preemption clause whereby "[i]f a state law relates to employee benefits plans, it is pre-empted." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987). In the context of litigation, that means if a party brings a state law claim where the causes of action asserted relate to an employee benefit plan, those claims will be preempted by federal law under ERISA. *Id*. at 47. ERISA also contains a limited savings clause that exempts from preemption state laws that purport to regulate insurance, but this clause is inapplicable to laws that "are firmly planted in the general principles of [] tort and contract law." *Id*. at 50. In other words, to be saved from preemption, a state law must "not just have an impact on the insurance industry,

but must be specifically directed toward that industry." *Id*. at 49. Routine breach of contract claims do not fall within the ambit of the savings clause. *Vallone v. CNA Financial Corp.*, 375 F.3d 623, 638 (7th Cir. 2004) (collecting cases). Thus, Carson's claims for breach of contract and negligence are preempted as they relate to the processing of his claim for a life insurance proceeds offered to his wife as an employee benefit.

I should note at the outset that despite preemption, this case was properly removed to federal court, so I have jurisdiction over this matter. *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 67 (1987); *see also Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1075 (7th Cir. 1992); *Newpage WI System, Inc. v. United* Steel, 651 F.3d 775, 778 (7th Cir. 2011) (once state law regulating pension and welfare benefits plans has been displaced, federal jurisdiction is appropriate).

With my jurisdiction secure, I will move on to the motion to dismiss. Although I agree with Omaha that these claims are preempted by ERISA, I am not going to dismiss the claims. Because I didn't have the benefit of comprehensive briefing on this issue since Carson elected not to respond, I've done quite a bit of digging around in the case law myself and have uncovered something quite significant that Omaha neglected to point out in their request: namely, that the Seventh Circuit finds that it is error for a district court judge to dismiss a matter as being preempted under ERISA. This is true even when that dismissal is without prejudice and with leave to amend to add ERISA claims. Instead, the proper course of action is to allow the claims to stand in federal court, but construe the state law claims as presenting ERISA claims. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1077-78 (7th Cir. 1992); *McDonald v. Household Int'l, Inc.*,

3

425 F.3d 424, 425 (7th Cir. 2005). This is entirely sensible because it is fundamentally unfair for a defendant to be allowed to seek dismissal for the exact same reasons he was able to remove the case in the first place. It would also be an inefficient use of time. In the words of the Seventh Circuit in *Bartholet*:

> Bartholet's complaint notifies Reishauer of the basis of his claim: that in 1981 Reishauer promised to establish a pension plan that counted Bartholet's years of service with COSA, and that the plan established in 1985 failed to do this. Reishauer argued, and the district court held, that this allegation comes within ERISA. Removal depended on a conclusion that the complaint, as filed, arose under federal law. What would be the point of amending the complaint to make explicit what the district judge has held is the only possible interpretation of the document?

*Bartholet*, 953 F.2d at 1078.

Indeed, as the Seventh Circuit further held, requiring plaintiffs to amend such claims to bring them under ERISA would read a requirement into Rule 8 that plaintiffs plead law as well as fact where no such requirement exists. *Id.* at 1077-78. This approach remains unchanged even after *Twombly* and *Iqbal*. *See Smith v. Medical Benefit Administrators Group, Inc.*, 639 F.3d 277, 283 at nn. 2 (7th Cir. 2011) (post-*Twombly* and *Iqbal*, no need to plead legal theories in ERISA-based claims); *Whitaker v. Milwaukee County, WI*, 772 F.3d 802, 808 (7th Cir. 2014) ("plaintiffs are not required to plead legal theories, even in the new world of pleading that is developing in the wake of the Supreme Court's decisions in [*Twombly*] and [*Iqbal*]. More recently, the Supreme Court has confirmed explicitly this principle." (internal citations omitted)). Thus, Omaha's request to dismiss the complaint under Rule 12(b)(6) will be **DENIED.** Instead, I will construe the complaint has presenting claims arising under

ERISA.

But regarding Omaha's request that I strike Carson's jury demand, that request will be **GRANTED** since jury trials are not available to ERISA claimants because ERISA's relief is equitable in nature. *McDougall v. Pioneer Ranch Ltd. Partnership*, 494 F.3d 571, 576 (7th Cir. 2007) (jury trials not available in ERISA claims); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998) (no need to remand case for jury trial in ERISA action where jury trial is unavailable); *Walker v. Life Ins. Co. of North Am.*, No. 08-C-6768, 2009 WL 561834, at *2-3 (N.D.Ill. March 2, 2009) (noting same, *citing Mathews*, and granting motion to strike jury demand in ERISA case).

**SO ORDERED.**

ENTERED: April 28, 2016

s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT