UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHAWN CARSON, Individually and On Behalf of the Estate of Doris Carson, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No. 2:15-cv-348<br>) |
| AMERICAN QUALITY SCHOOLS CORPORATION THEA BOWMAN LEADERSHIP ACADEMY, and UNITED OF OMAHA LIFE INSURANCE COMPANY | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION & ORDER**

Currently pending before me is Defendant United of Omaha Life Insurance Company's Motion to Alter and Amend and for Clarification of this Court's Order from April 28, 2016 (DE 22) brought pursuant to Fed. R. Civ. P. 59(e) (DE 23 at 3). In that Order, I held that Plaintiff Shawn Carson's claims which were filed in state court and removed here actually arise under the Employee Retirement Income Security Act ("ERISA"). Defendant asks me to clarify what Plaintiff's negligence claim should be interpreted as under ERISA. (*Id.* at 6.) It further argues that "Plaintiff's claim must be dismissed in its entirety, with prejudice, without a right to amendment" should that negligence claim be interpreted as a claim for breach of fiduciary duty under Section 1132(a)(3) of ERISA. (*Id.*) Plaintiff did not respond to this motion. I find no basis for altering, amending, or clarifying my prior judgment, so Defendant's motion will be **DENIED**.

**Background**

Plaintiff originally filed this case in state court, where he alleged breach of contract and negligence against Defendant for improperly processing his claim for his wife's life insurance benefits. (DE 2.) Defendant then removed the case to this court on the basis of diversity jurisdiction and federal question jurisdiction based on ERISA (DE 1), but then, oddly, moved to dismiss Plaintiff's complaint for failure to state a claim *because* it arose under ERISA (DE 3). I ruled against Defendant in my order denying dismissal, finding that Plaintiff's claims must be interpreted as arising under ERISA and Plaintiff's case could proceed. (DE 19 at 2–5.) Defendant now asks me to alter, amend, or clarify my order to spell out how Plaintiff's negligence claim should be interpreted under ERISA. (DE 22.)

**Discussion**

To prevail on a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). But, a Rule 59(e) motion can't be used to raise arguments "that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted); *LB Credit Corp.*, 49 F.3d at 1267; *Meyer*, 781 F.2d at 1268. Ultimately, it's entirely within my discretion to decide whether reconsideration of a judgment is warranted under Rule 59(e). *See Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000).

Here, Defendant hasn't met its burden to establish a manifest error of law. State-law contract and negligence claims can proceed simultaneously as claims arising under ERISA. *See McDonald v. Household Intern., Inc.*, 425 F.3d 424, 428–30 (7th Cir. 2005). Moreover, although Plaintiff's recovery may be limited after interpreting his state-law claims as arising under ERISA, "it is enough that his pleadings entitle him to explore" alternative theories of recovery under ERISA. *Id.* at 430. It's not for me to tell Defendant what legal theories Plaintiff will pursue. *See Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005) ("Fomenting litigation is not part of the judicial function. 'District judges have no obligation to act as counsel or paralegal to *pro se* litigants.'" (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)); *McDonald*, 425 F.3d at 430 (refusing to elaborate on what legal theories may be available to plaintiff); *Piggie v. Gibbs*, No. 1:08CV686DFH-WTL, 2008 WL 2486507, at *1 (S.D. Ind. June 19, 2008) (denying plaintiff's motion for clarification "to the extent that the plaintiff s[ought] to have the court dictate . . . what claims" were asserted in the complaint).

Plaintiff is also under no obligation to plead legal theories. *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). What legal theories the Plaintiff will pursue will become clear as "[l]ater documents, such as the pretrial order . . . refine the claims; briefs and memoranda supply the legal arguments that bridge the gap between facts and judgments." *Id.* The specific contours of the negligence claim remain to be seen, including whether this will ultimately play out as a breach of fiduciary duty claim or something else. For now, it's enough that Plaintiff has alleged a set of facts for which he

3

could plausibly be granted relief under ERISA and Defendant has failed to provide me with any reason to alter or amend my order.

## Conclusion

Because Defendant is requesting that I declare what legal theories Plaintiff will pursue through its motion to alter, amend, or clarify my judgment, the Defendant's motion is **DENIED**.

**SO ORDERED.**

**ENTERED:** June 24, 2016.

                                              s/Philip P. Simon
                                              CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT